Filed 3/24/23  P. v. Duque CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PYER CAMACHO DUQUE,<br><br>    Defendant and Appellant. | G061514<br><br>(Super. Ct. No. 95CF2067)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Lance P. Jensen, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Alan L. Amann and Lise S. Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Pyer Camacho Duque challenges an order denying his petition for resentencing under Senate Bill No. 1437. (Stats. 2018, ch. 1015, §§ 2-4 (SB 1437).) Although that bill limited the circumstances under which a person may be convicted of felony murder, it does not provide relief for felony murderers who actually killed their victim. Because the record of conviction shows appellant is such a person, the trial court properly denied his petition.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1995, appellant was involved in an attempted robbery during which the victim was shot and killed. Although other principals may have been involved in the incident, appellant was individually charged with first degree murder. (Pen. Code, §§ 187, subd. (a); 189, subd. (a).)[1] The information also alleged a special circumstance that the murder occurred during the attempted commission of a robbery. (§ 190. 2, subd. (a)(17).) And it contained an enhancement allegation that appellant personally used a firearm during the murder. (§ 12022.5, subd. (a).)

At trial, the prosecution's sole theory of first degree murder was felony murder. In addition to instructing the jury on that theory, the trial court instructed on two theories of second degree murder, unpremeditated murder and implied malice. Accomplice instructions on direct aiding and abetting were also given, but not on the natural and probable consequences theory of aiding and abetting. After the jury convicted appellant as charged, the trial court sentenced him to life in prison without the possibility of parole.

On appeal, the sole issue was the admissibility of appellant's confession. Consequently, our opinion does not include a detailed description of appellant's role in the underlying murder. (See *People v. Duque* (Feb. 24, 1998, G020420) [nonpub. opn.].) However, in affirming the judgment, we did say in our introductory paragraph that

---

[1] All further statutory references are to the Penal Code.

appellant shot the victim during a botched robbery attempt outside the victim's home. (*Id.* at p. 2.)

Nearly a quarter century after our affirmance, appellant filed a petition for resentencing pursuant to SB 1437, which restricted the scope of vicarious liability for the crime of murder. However, the trial court found appellant was ineligible for relief because the jury found he was the actual killer. Therefore, it denied his petition for failure to state a prima facie case.

## DISCUSSION

Appellant contends the trial court erroneously denied his petition because the record of conviction does not conclusively establish he was convicted on the basis he was the actual killer, as opposed to a theory under which malice was imputed to him. We disagree.

SB 1437 narrowed the scope of California's murder statutes in two respects. First, it eliminated the natural and probable consequences theory in murder cases by providing that malice may not be imputed to a person based solely on his participation in a crime. (§ 188, subd. (a)(3).) Second, the bill reined in the felony murder rule so that it can only be applied if the defendant was the actual killer, he directly aided and abetted the actual killer with the intent to kill, or he was a major participant in the underlying felony and acted in a manner that was recklessly indifferent to human life. (§ 189, subd. (e).)

SB 1437 also created a procedural mechanism for challenging a murder conviction based on vicarious liability. To obtain relief under the statutory scheme, the defendant must show 1) he was convicted under the natural and probable consequences doctrine, the felony murder rule, or any theory under which malice was imputed to him based solely on his participation in a crime, and 2) he would not be liable for murder today because of how SB 1437 redefined that offense. (§ 1172.6, subd. (a).)

3

If the defendant makes a prima facie showing to that effect, the trial court is required to issue an order to show cause and, absent a concession by the People, conduct an evidentiary hearing. (§ 1172.6, subds. (c), (d).) At the hearing, the prosecution must prove beyond a reasonable doubt the defendant is ineligible for resentencing because his conduct did in fact rise to the level of murder as redefined by SB 1437. (*Id*., subd. (d)(3).) Otherwise, the defendant is entitled to have his murder conviction vacated and to be resentenced pursuant to the terms of section 1172.6.

In interpreting this statutory scheme, our Supreme Court has made it clear the bar for establishing a prima facie case for resentencing is very low, and the trial court's role in determining whether that bar has been cleared in a given case is quite limited. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-972.) While the trial court may consider the underlying record of conviction, it must take petitioner's factual allegations as true. (*Ibid*.) The court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id*. at p. 972.) Unless the record of conviction proves the defendant is ineligible for resentencing as a matter of law, the court must issue an order to show cause and conduct an evidentiary hearing on the matter. (*Id*. at p. 971.)

The record of conviction includes prior appellate opinions in that case. (*People v. Lewis, supra*, 11 Cal.5th at p. 972.) However, such opinions "'might not supply all the answers'" in determining whether the petitioner is eligible for resentencing. (*Ibid*., quoting *People v. Woodell* (1998) 17 Cal.4th 448, 457.) Indeed, beyond the recitation of the procedural history of the case, prior opinions have limited relevance with respect to that issue. (See § 1172.6, subd. (d)(3); *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9; *People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

In this case, the trial court astutely recognized this limitation. In ruling on appellant's resentencing petition, it relied on the jury instructions and verdict in the underlying trial and intentionally refrained from considering any factual information

4

contained in our prior opinion or in any other part of the record of conviction. Therefore, there are no issues with respect to that aspect of the trial court's ruling. The only question we must decide is whether the trial court correctly determined that the jury instructions and verdict conclusively establish appellant was convicted as the actual killer. Because that is a purely legal question, our review is de novo. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

Appellant is correct that the jury's true finding on the firearm use enhancement is not dispositive of that question. Although that finding required proof appellant personally used a firearm during the murder (§ 12022.5, subd. (a)), the jury was instructed that use includes not only discharging a firearm, but brandishing or hitting someone with a firearm, as well. So, the jury could have found the enhancement applicable even if it did not believe appellant was the actual killer. (*People v. Jones* (2003) 30 Cal.4th 1084, 1120.)

However, appellant is incorrect about the significance of the jury's instructions on implied malice. Per CALJIC Nos. 8.11 and 8.31, the jury was told malice is implied when 1) the defendant commits an intentional act; 2) the natural consequences of the act are dangerous to human life; and 3) the defendant acted in conscious disregard of that risk. Appellant claims the second requirement created the possibility that the jury convicted him of murder under the natural and probable consequences doctrine. However, implied malice was a theory of second degree murder. That theory was not applicable to appellant's conviction because he was found guilty of murder in the first degree.

Moreover, implied malice and the natural and probable consequences theory of aiding and abetting are "distinctly different concepts." (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056.) While the latter is a type of imputed liability that applies when the defendant acts without malice, the former refers to the malicious mental state required for second degree murder when the defendant acts without the intent to kill.

5

"The 'natural consequences' language in the instruction for [implied malice] second degree murder does not transform [appellant's] conviction into one for murder under the natural and probable consequences doctrine within the meaning of section [1172.6]. [Citations.]" (*Id.* at p. 1059.)

Still, how do we know appellant was convicted of first degree felony murder on the basis he was the actual killer? The answer lies in the jury's true finding on the felony murder special circumstances allegation and the manner in which the jury was instructed on that allegation. To put those instructions in context, we must remember that, akin to the current felony murder rule, the felony murder special circumstance only applies if the defendant actually killed the victim, he directly aided and abetted the killing with the intent to kill, or he was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 190.2, subds. (b), (c) & (d).) Those requirements are constitutionally mandated to ensure the defendant's punishment is commensurate with his culpability. (*Tison v. Arizona* (1987) 481 U.S. 137; *Enmund v. Florida* (1982) 458 U.S. 782.)

To that end, CALJIC Nos. 8.80 and 8.80.1 explain the particular requirements – i.e., either direct aiding and abetting with intent to kill or major participation with reckless indifference – that must be proven to establish the felony murder special circumstance when the defendant was not the actual killer. However, appellant's jury was not instructed on those requirements. Per the prosecution's request, CALJIC No. 8.80 was modified to exclude any reference to them, and CALJIC No. 8.80.1 was omitted altogether. That means appellant was prosecuted and found guilty of special circumstances felony murder on the theory he was the actual killer. Under the instructions the jurors received, it simply was not possible for them to convict appellant on a theory under which malice was imputed to him based solely on his participation in the attempted robbery/murder. That being the case, appellant is ineligible for resentencing, and the trial court properly denied his petition for resentencing. (*People v.*

6

*Garcia* (2022) 82 Cal.App.5th 956, 972-973; *People v. Harden* (2022) 81 Cal.App.5th 45, 56.)

DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


GOETHALS, J.


SANCHEZ, J.